### BANKERS' SERVICE CORPORATION v. LANDIS CHRISTMAS SAVINGS CLUB CO.

(Circuit Court of Appeals, Third Circuit. May 9, 1921.)

No. 2625.

Patents ⊙═328—1,202,646, for coupon bank deposit book, void for lack of invention.

The Barkley patent, No. 1,202,646, for an improved coupon bank deposit book, is for an improvement, which would naturally follow the use of the devices preceding it by experienced persons, and discloses no patentable invention.

Appeal from the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Suit in Equity by the Bankers' Service Corporation against the Landis Christmas Savings Club Company. Decree for defendant (273 Fed. 717), and complainant appeals. Affirmed.

John P. Bartlett and Henry B. Brownell, both of New York City, for appellant.

James A. Watson, of Washington, D. C. (E. E. Beidleman and J. W. Swartz, both of Harrisburg, Pa., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BUFFINGTON, Circuit Judge. In the court below the plaintiff, the owner of patent No. 1,202,646, issued October 24, 1916, to Merrill B. Barkley, for a coupon bank deposit book, brought a suit against defendant, charging infringement thereof. On final hearing, the court held Barkley's patent invalid and entered a decree dismissing the plaintiff's bill, supporting its view by referring to Hollister v. Benedict Manufacturing Co., 113 U. S. 59, 5 Sup. Ct. 724 (28 L. Ed. 901), where, of an alleged invention of a revenue stamp, Mr. Justice Matthews said:

"It is but the display of the expected skill of the calling, and involves only the exercise of the ordinary faculties of reasoning upon the materials supplied by a special knowledge, and the facility of manipulation which results from its habitual and intelligent practice, and is in no sense the creative work of that inventive faculty which it is the purpose of the Constitution and the patent laws to encourage and reward."

Thereupon this appeal was taken.

Our study of the case satisfied us the court below committed no error, and its decree should be affirmed. Its opinion so adequately discusses the case that we restrict ourselves to a brief reference to some of the things which lead us to the same conclusion.

The patent concerns stationery adapted for use in banks receiving Christmas club deposits. The idea of the Christmas club was not original with the patentee; on the contrary, there were large numbers of such clubs, and stationery suitable for receiving and handling deposits, and evidencing both to the bank and to the depositor the fact and the amount of such deposits, were in common use when Barkley entered the field. The patentee, who was in the bank stationery supply business, with the aid of a cashier of a bank which was using the Landis Christmas club system, set about to observe and improve that system, presumably with a view to his company, the present plaintiff, entering into the business of supplying stationery for Christmas clubs. The result of this observation was that Barkley soon saw certain places where the Landis system could be improved, and which, in a general way, may be described as a reversing of that system.

The Landis system consisted in the bank holding a coupon sheet in its hands and delivering to the depositor a coupon detached from such sheet as credit evidence of his deposit, while the coupon detached from the sheet afforded debit evidence to its bookkeepers of the bank's receipt of the deposit. In Barkley's device, the entire outfit was placed in the hands of the depositor in the shape of a compact book of sheets, one half of which sheet was a stub, the other a detachable coupon, showing the amount of the deposit. When the club member deposited his stipulated amount in the bank on the fixed pay day, he delivered the detached coupon with his money to the bank; the coupon was stuck on a hook and gave the bank's bookkeeper the data from which the deposit could be entered at convenience. A single impression of a stamp of the bank, part of which impression went on the stub and part on the coupon to be detached and deposited, authenticated to the bank its receipt of the deposit and to the customer the bank's admission of his making the deposit.

That the Barkley reverse device could be more easily and conveniently handled than the Landis may be conceded; but, like the court below,' we are of opinion it did not involve invention. On the contrary, it was the to-be-expected result which would naturally follow the study of men familiar with the banking and stationery business, when they set themselves to study and improve the Christmas Club system, as all bank employees would do. When such a new system was used by the thousands of keen minds, when better detail and further efficiency of such system would be the customary result of the experience that came from use, we would expect improvements, and the ideas such as Barkley worked out are, in our judgment, the steps that would naturally follow use. To take the cleverness of an improver and award the monopoly of an invention thereto would, to our minds, make of the patent law a hindrance, not a help, in the evolution of progress.